DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CYNTHIA FREY (DCBN 475889)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Cynthia.frey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELLIOTT GUNTON, a/k/a "PLANET," and ANTHONY TYLER NASHATKA, and "PSYCHO",<br><br>    Defendants. | **CASE NO. CR 19-0372 EMC**<br><br>**MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PROCEDURES; [PROPOSED] ORDER** |

## INTRODUCTION

The United States of America respectfully moves the Court for an Order authorizing the government to use alternative procedures to notify potential victims in the above-captioned case, pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.

## BACKGROUND

The defendants, Anthony Nashatka and Elliott Gunton are charged in an Indictment, returned on August 13, 2019, with violations of: 18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse; 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI) – Transmission of a Program,

MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM
NOTIFICATION                                                                1
CR 19-0372 EMC

Information, Code, and Command to Cause Damage to a Protected Computer; 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) – Unauthorized Access to a Protected Computer To Obtain Value; 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft.  These charges relate to a hack into the EtherDelta.com cryptocurrency platform resulting in the theft of cryptocurrencies from hundreds of victims between December 20, 2017 and December 25, 2017.

As alleged in the Indictment, in December of 2017, Nashatka conspired to target the EtherDelta cryptocurrency exchange platform to obtain the cryptocurrency addresses and private keys of hundreds of its users as part of a scheme steal cryptocurrency from the victim users of a the EtherDelta currency exchange platform.  The defendants unlawfully used the identity of a victim to gain access to EtherDelta's domain name settings, caused the transmission of a command to disable the cryptocurrency company's servers, diverted the actual EtherDelta website to a fake website, and thereby fraudulently induced victims to input their cryptocurrency addresses and private keys into the fake website.

Between at least December 20 and 21, 2017 alone, Nashatka and Gunton logged the credentials of hundreds of victims, stole their cryptocurrency, and transferred cryptocurrency with a value at that time of approximately $600,000 to one cryptocurrency address controlled by Nashatka and Gunton.  On that same date, Nashatka posted a number of cryptocurrency addresses with private keys on a group Skype chat with Gunton and other unindicted co-conspirators.  One of those cryptocurrency addresses included victim R.R., as set forth in the Indictment, who lost cryptocurrency with a value of approximately $800,000 at the time due to this fraud scheme.

While the United States Secret Service ("USSS") has been able to identify many of the victim cryptocurrency addresses that were impacted by the fraud scheme, they have not been able to identify the owners of those cryptocurrency addresses.  Therefore, due to the uncertainty regarding the identity of all of the potential victims in this case, as well as the large number of such potential victims, the United States seeks an order authorizing the government to use alternative procedures to notify potential victims in the above-captioned case.

//

//

# DISCUSSION

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings.[1]  Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings.  18 U.S.C. § 3771(a).  The Act requires that "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in [§ 3771(a)]," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights.  18 U.S.C. § 3771(b).  The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ."  18 U.S.C. § 3771(e).  Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings.  Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures that a Court may fashion other than that the procedures be reasonable to effectuate the Act and that the procedures not unduly complicate or prolong the proceedings.  *Id.*

In this case, although USSS has identified a few of the victims in this case, there is much uncertainty regarding the identity of all of the potential victims in this case, as well as the large number of such potential victims.  Accordingly, in order to identify the victims associated with the hack of the EtherDelta exchange and its users, the United States would use—with the Court's permission—the Department of Justice's website for large cases, http://justice.gov/largecases, to direct victims to a case-specific website where all required notices would be posted.  Upon entry of the proposed order, the United

---

[1] This motion addresses the rights of the defendant's victims.  On January 21, 2021, defense counsel for Nashatka stated to the undersigned Government counsel that the defendant would not object.

MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM
NOTIFICATION                                              3
CR 19-0372 EMC

States also would issue a press release informing individuals and entities who believe that they may be victims to access the Department of Justice website for more information. The case-specific website will contain the notices required under the Act and provide potential victims the opportunity to complete a victim impact statement in order to relay information about how they were victimized, thereby putting the United States in a better position to communicate directly and individually with potential victims. Subsequently, victim notification at the post-sentencing stage would be provided through the Bureau of Prisons' website, www.bop.gov.

Ample precedent exists to use alternative notification procedures under the CVRA in such a situation. In fact, in other cases where the government could not determine precisely which entities and individuals would qualify as victims under 18 U.S.C. § 3771(d)(2) and large numbers of such potential victims were involved, courts have routinely permitted the United States to use alternative methods to notify potential victims. *See, e.g.*, *United States v. Bondarenko*, No. 2:17-CR-306-JCP-PAL, 2018 WL 1413972, at *2 (D. Nev. 2018) (granting government's motion to notify victims pursuant to the CVRA via the Justice Department's website in case involving the "large-scale trafficking of compromised credit card data"); *United States v Babich*, 301 F. Supp. 3d 213, 217–18 (D. Mass. 2017) (granting government request for alternative notification procedures in healthcare fraud prosecution but with restrictions on the information to be conveyed to potential victims); *United States v. Merrill*, No. 14-40028-TSH, 2014 WL 6387368, at *2 (D. Mass November 14, 2014) (similar); *United States v. Saferstein*, No. 07-CR-557, 2008 WL 4925016, at *3–4 (E.D. Pa. November 18, 2008). Indeed, an alternative notification method was authorized in the Northern District of California in *United States v. Baratov*, No. 3:17-CR-103, Dkt. 27 (N.D. Cal. December 6, 2017), another computer fraud case involving a large number of potential victims who were difficult to identify.

//
//
//
//
//
//

MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM
NOTIFICATION                                      4
CR 19-0372 EMC

# CONCLUSION

Accordingly, the United States respectfully requests that the Court authorize the use of alternative notification methods to meet the government's obligations under the CVRA.

DATED: January 26, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　DAVID L. ANDERSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Cynthia Frey
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　CYNTHIA FREY
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ELLIOTT GUNTON, a/k/a "PLANET," and ANTHONY TYLER NASHATKA, and "PSYCHO"),<br><br>    Defendants | **CASE NO. CR 19-0372 EMC**<br><br>**[PROPOSED] ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PROCEDURES** |

Upon application of the United States, and for good cause shown,

**IT IS HEREBY ORDERED**, that the government's motion is **GRANTED**. The United States shall provide any notifications required by 18 U.S.C. § 3771 to the pool of potential victims in the above-captioned case through the Internet;

**IT IS FURTHER ORDERED** that the government shall post a link on the Department of Justice's website for large cases, located at http://justice.gov/largecases, that will direct potential victims to a website under the government's control containing all case-specific notifications required by 18

MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM
NOTIFICATION                                                                 6
CR 19-0372 EMC

U.S.C. § 3771.  In the event the above-captioned matter results in a conviction, the United States shall satisfy its notification obligations through the Bureau of Prisons' website, www.bop.gov.

**IT IS SO ORDERED**.

DATED: _____

                                      HON. EDWARD M. CHEN
                                      UNITED STATES DISTRICT JUDGE